# Pilade Giovaghino, Defendant in Error, v. W. W. Kimball Company, Plaintiff in Error.

## Gen. No. 15,704.

1. MASTER AND SERVANT—*effect of failure to observe instructions.* If a servant is injured because of his failure to observe the instruc-

tions of his foreman as to the proper and safe method of doing his work, he cannot recover.

2. MASTER AND SERVANT—*when inexperience of servant precludes recovery*. If a servant falsely represents to the master that he is experienced in a certain class of work and he is assigned to that work and injured therein, he cannot recover if his inexperience contributed to the injury.

3. NEGLIGENCE—*what will not support recovery*. It is not sufficient, in order to entitle the servant to recover, that the master may have been guilty of some negligence, but it must also appear that such negligence was the proximate cause of the injury, and that the servant was in the exercise of due care for his own safety.

Error to the Municipal Court of Chicago; the HON. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of fact. Opinion filed October 4, 1911.

WINSTON, PAYNE, STRAWN and SHAW, for plaintiff in error; EDWARD W. EVERETT, of counsel.

BERNARD P. BARASA, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Defendant in error recovered a verdict and judgment in the Municipal Court against plaintiff in error for $1,000 as damages for personal injuries alleged to have been occasioned by the negligence of plaintiff in error, and this writ of error is prosecuted to reverse such judgment.

Prior to August 23, 1907, defendant in error had been employed on several occasions by plaintiff in error in its factory as a common laborer, mainly in the wood working department, where he removed the finished and refuse material which accumulated in the operation of a circular saw, and performed the duties of a helper. On the day above named he sought employment from the foreman of plaintiff in error in the capacity of a sawyer, and to that end represented to the foreman that he had had considerable experience

in the operation of circular saws.   Defendant in error testified in substance that he did not have such experience, but told the foreman he had; that in his application for employment it was put down that he had experience working on a saw before; that he did so just to get the job, because he was out of work for awhile; that his statement was not true and as a matter of fact he had had no experience in working with a saw.   The evidence discloses that defendant in error commenced to operate the saw on the day he was employed, and continued at that work until he was injured on August 30th following.   The saw operated in a table or frame 6 feet long and 3 feet wide, upon which was a top of like size which was hinged at the rear end, so that it could be raised or lowered at the front end.   The device usually in use for raising and lowering the top was a wooden screw in the front end and center of the frame, but the screw in the frame of the saw which was being operated by defendant in error had become broken, and in lieu of a screw the front end of the top was raised by placing pieces of wood between the frame and the top.   The purpose in raising the top of the table was to accommodate the saw to the thickness of the wood which was being sawed, so that the saw would project about 3-16 of an inch above the surface of the wood, better results being obtained when that amount of projection was maintained.   There is no evidence tending to show that the use of the saw was attended with greater danger when it projected more than 3-16 of an inch above the wood which was being fed to the saw.   Notwithstanding his representation to the foreman of plaintiff in error that he was experienced in the use and operation of circular saws defendant in error admits that when he commenced to operate the saw the foreman gave him general directions as to the proper manner of its use and operation, and that he thereafter knew how to use the saw.

There is some controversy in the evidence regarding the character and size of the wood defendant in error was sawing when he was injured. He admits that immediately prior to that time he had been sawing gum wood which was of the thickness of three inches, but insists that at the time he was injured he was sawing an oak panel 37 inches long, about 7 inches wide and ½ inch thick. A clear preponderance of the evidence, however, tends to show that at that time he was sawing gum wood. The several statements made by the defendant in error as to the precise manner in which the injury was occasioned are somewhat conflicting. Upon his direct examination he testified that as he put the piece of wood through it split five or six inches from the end, when the wood slipped and the saw cut his finger off. Upon his cross-examination he testified that when he cut the board a certain distance (indicating), it jumped and broke a piece off and his finger slipped and went into the saw; that the saw would not cut the board very good, it was tearing the board; that his left hand was on the left side of the saw; that the piece that broke off went to the left and his hand went to the right; that he put his strength on the board to shove it through and his hand slipped over toward the saw.

John Williamson, a witness called by plaintiff in error, testified that defendant in error told him upon the day of the accident that at the time he was injured he was ripping a gum panel and it rose up, not having sufficient hold on it, that is pressure to hold the panel down, it rose up and in trying to press it down he used his left hand and put it over across the saw. When called in rebuttal defendant in error testified that he told Williamson what fingers were injured but gave him no satisfaction as to how it happened. It will be observed, however, that the statement made by defendant in error upon cross-examination substantially

accords with the statement which Williamson testified that defendant in error made to him.

Duncan Beaton, the shop foreman for plaintiff in error, testified that in the forenoon of the day defendant in error was injured, witness observed the way in which the defendant in error was working; that the defendant in error kept his left hand on the board until it passed through the saw; that the witness then cautioned defendant in error not to do it in that way; that it was not necessary to hold his hand there; that he should hold his hand on the board when it started, then when well started to take his left hand away and shove it with his right hand, and then reach over and take the waste with his left hand. There is no denial of the testimony of this witness by defendant in error and it stands uncontradicted in the record.

It is manifest that the injury was directly occasioned by the failure of the defendant in error to observe the instructions of his foreman as to the proper and safe method of doing the work. Defendant in error falsely represented to plaintiff in error that he was experienced in the use of circular saws, and if his inexperience contributed to his injury he cannot recover. It is not sufficient in order to entitle defendant in error to recover that plaintiff in error may have been guilty of some negligence, but it must also appear that such negligence was the proximate cause of the injury, and that defendant in error was in the exercise of due care for his own safety.

We are compelled to the conclusion that the judgment must be reversed with a finding of fact to be incorporated in the judgment of this court, that the injury complained of was occasioned by the failure of defendant in error to exercise reasonable care for his own safety.

*Reversed with finding of fact.*